IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

|  |  |
|---|---|
| CLARA YUVIENCO<br>615 Totten Mews NE<br>Washington, DC 20017<br><br>            Plaintiff,<br><br>v.<br><br>TOM VILSACK, Secretary,<br>Department of Agriculture,<br><br>            Agency. | Civil Action No.: _____<br><br>**Jury Demanded** |

# COMPLAINT

Plaintiff, Clara Yuvienco, by and through undersigned counsel, files suit against the named Defendant for the cause of action stated as follows:

# INTRODUCTION

1. Plaintiff, Clara Yuvienco ("Plaintiff" or "Ms. Yuvienco") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.; and the Civil Rights Act of 1991, and 42 U.S.C. § 1981a; Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*.), for relief from discrimination and a hostile work environment based on her Race (Black), National Origin (Colombian), Age (1958), and reprisal (Prior EEO Activity).

2. Defendant, Tom Vilsack ("Defendant" or "Secretary Vilsack") discriminated against Plaintiff on the basis of her Race (Black), National Origin (Colombian), Age

(1958), and reprisal (Prior EEO Activity) during the course of her employment with the Department of Agriculture ("the Agency").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Complaint pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3) and Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, *et seq*. Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and a question of federal law is presented. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). Tom Vilsack is an officer of the Agency, which is headquartered in the District of Columbia. Secretary Vilsack performs a significant amount of his official duties in the District of Columbia and resides, for the purposes of venue, within the District of Columbia. *See, e.g., Bartman v. Cheney*, 827 F.Supp. 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in the District of Columbia for the purposes of 28 U.S.C. § 1391).

## **PARTIES**

5. Plaintiff is currently domiciled at 615 Totten Mews, NE, Washington, DC 20014. At all relevant times, Plaintiff was an employee of the United States Department of Agriculture. Plaintiff is a resident of the District of Columbia and a United States Citizen.

6. Secretary Vilsack is being sued in his official capacity as the Secretary for the United States Department of Agriculture.

7. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition,

Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## **EXHAUSTION OF REMEDIES**

8. Plaintiff has exhausted all of her administrative remedies.

9. On July 13, 2021, Plaintiff initiated counseling with the Agency's Equal Employment Opportunity Office regarding allegations of discrimination and a hostile work environment based on her Race (Black), National Origin (Colombian), Age (1958), and reprisal (Prior EEO activity).

10. On September 6, 2021, Plaintiff filed a formal complaint of discrimination with the Agency's Equal Employment Opportunity Office alleging discrimination and a hostile work environment based on her Race (Black), National Origin (Colombian), Age (1958), and reprisal (Prior EEO activity).

11. On July 12, 2022, Plaintiff timely filed a hearing request with the Equal Employment Opportunity Commission (EEOC).

12. On October 24, 2022, an Administrative Law Judge issued a Decision Without a Hearing, finding that Plaintiff failed to raise any genuine issues of material fact to require an evidentiary hearing on her claims of discrimination.

13. On October 24, 2022, the Agency issued a Final Order fully implementing the Administrative Law Judge's Decision.

14. Plaintiff now timely files this action pursuant to the 29 C.F.R. § 1614.407(a).

## FACTS

15. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

16. During the relevant time period, Plaintiff was a Technical Information Specialist, with the Food Safety and Inspection Service, Office of Public Affairs and Consumer Education, U.S. Department of Agriculture, Washington, DC.

17. Between April 2021 to July 9, 2021, Plaintiff's supervisor was Roxanne Smith, Director of the Congressional and Public Affairs Staff (Caucasian) (American) (1961).

18. Between June 2021 and September 13, 2021, Plaintiff's supervisor was Wendy Mihm, Director, Food Safety Education Staff, (Caucasian) (American) (1968).

19. Between September 2014 and September 2021, Plaintiff's second-line supervisor Aaron Lavallee, Deputy Assistant Administrator, (Caucasian) (American) (1980).

20. On July 1, 2021, Plaintiff was issued a Letter of Instruction by Roxanne Smith alleging that she failed to meet performance expectations.

21. On August 4, 2021, Plaintiff was issued a Letter of Instruction by Wendy Mihm regarding leave management and attendance.

22. In April 2021, on several occasions, Roxanne Smith, Wendy Mihm, and Aaron Lavalle subjected Plaintiff to various incidents of harassment, including but not limited to: delayed responses to and the approval of her leave requests for August 2021.

23. On August 19, 2021, Wendy Mihm and Aaron Lavalle placed Plaintiff on a Demonstration Opportunity period for thirty (30) days.

24. Plaintiff's co-worker Sandy Stasiak (Caucasian), who in fact performed poorly, was not placed on a Demonstration Opportunity period.

25. On September 13, 2021, Plaintiff was forced to retire.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981a
### (Employment Discrimination on the Basis of Race)

26. Plaintiff is Black and, as such, is a member of a protected class.

27. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to non-Black employees that Defendant employed.

28. During the relevant time period, management accused Plaintiff of not meeting her metrics, refused to provide her with her metrics, and alleged she was performing poorly.

29. On July 1, 2021, Plaintiff was issued a Letter of Instruction regarding her alleged failure to meet performance expectations and advising of performance deficiencies.

30. On August 4, 2021, Plaintiff was issued a Letter of Instruction regarding leave management and attendance.

31. On August 19, 2021, management placed her on a Demonstration Opportunity period.

32. Plaintiff's co-worker Sandy Stasiak, who in fact performed poorly, was not placed on a Demonstration Opportunity period.

33. On September 13, 2021, Plaintiff was forced to retire.

34. Defendant has subjected Plaintiff to adverse employment actions, including, issuance of letters of instruction, placement on a demonstration opportunity period, constructive discharge, and otherwise deprived Plaintiff of her rights as enjoyed by her non-Black coworkers.

35. Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's employment because it resulted in a loss of income, benefits, and other disadvantages in the workplace.

36. The reason(s) proffered for Defendant's unlawful conduct, including that the adverse actions taken against Plaintiff were a result of Plaintiff's performance, are not legitimate and would be pretext for its discriminatory conduct.

37. Defendant knew at all times during the events described throughout this Complaint that Plaintiff is Black.

38. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her Race (Black).

39. Defendant has limited Plaintiff in a way that deprives her of employment opportunities, workplace benefits and otherwise adversely affects her status as an employee because of her Race (Black).

40. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

41. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her Race (Black).

42. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

43. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

44. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT TWO**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e,** *et seq.*
**(Employment Discrimination on the Basis of National Origin)**

45. Plaintiff is Colombian and, as such, is a member of a protected class.

46. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to non-Colombian employees that Defendant employed.

47. During the relevant time period, management accused Plaintiff of not meeting her metrics, refused to provide her with her metrics, and alleged she was performing poorly.

48. On July 1, 2021, Plaintiff was issued a Letter of Instruction regarding her alleged failure to meet performance expectations and advising of performance deficiencies.

49. On August 4, 2021, Plaintiff was issued a Letter of Instruction regarding leave management and attendance.

50. On August 19, 2021, management placed her on a Demonstration Opportunity period.

51. Plaintiff's co-worker Sandy Stasiak, who in fact performed poorly, was not placed on a Demonstration Opportunity period.

52. On September 13, 2021, Plaintiff was forced to retire.

53. Defendant has subjected Plaintiff to adverse employment actions, including, issuance of letters of instruction, placement on a demonstration opportunity period, constructive discharge, and otherwise deprived Plaintiff of her rights as enjoyed by her non-Colombian coworkers.

54. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in a loss of benefits, promotional opportunities and other disadvantages in the workplace.

55. The reason(s) proffered for Defendant's unlawful conduct, including that the adverse actions taken against Plaintiff are not legitimate and would be pretext for its discriminatory conduct.

56. Defendant knew at all times during the events described throughout this Complaint that Plaintiff is Colombian.

57. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her national origin (Colombian).

58. Defendant has limited Plaintiff in a way that deprives her of employment opportunities, workplace benefits and otherwise adversely affects her status as an employee because of her national origin (Colombian).

59. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

60. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her national origin (Colombian).

61. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

62. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

63. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT THREE**
**Age Discrimination in Employment Act of 1967 ("ADEA"),**
**as amended, 29 U.S.C. § 621, *et seq***
**(Employment Discrimination on the Basis of Age)**

64. Plaintiff is over the age of 40, and, as such, is a member of a protected class.

65. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to younger employees that Defendant employed.

66. During the relevant time period, management accused Plaintiff of not meeting her metrics, refused to provide her with her metrics, and alleged she was performing poorly.

67. On July 1, 2021, Plaintiff was issued a Letter of Instruction regarding her alleged failure to meet performance expectations and advising of performance deficiencies.

68. On August 4, 2021, Plaintiff was issued a Letter of Instruction regarding leave management and attendance.

69. On August 19, 2021, management placed her on a Demonstration Opportunity period.

70. On September 13, 2021, Plaintiff was forced to retire.

71. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in a loss of employment and benefits.

72. The reason(s) proffered for Defendant's unlawful conduct, including that the adverse actions taken against Plaintiff were a result of Plaintiff's actions, are not legitimate and would be pretext for its discriminatory conduct.

73. Defendant knew at all times during the events described throughout this Complaint that Plaintiff was over the age of 40.

74. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her age (56).

75. Defendant has limited Plaintiff in a way that deprives her of employment opportunities, workplace benefits and otherwise adversely affects her status as an employee because of her age (1958).

76. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

77. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her age (1958).

78. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career

opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

79. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature. Defendant's treatment and actions are ongoing.

80. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT FOUR
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*
### (Hostile Work Environment)

81. As a result of Plaintiff's protected status, Plaintiff's supervisor engaged in a persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

82. During the relevant time period, management accused Plaintiff of not meeting her metrics, refused to provide her with her metrics, and alleged she was performing poorly.

83. On July 1, 2021, Plaintiff was issued a Letter of Instruction regarding her alleged failure to meet performance expectations and advising of performance deficiencies.

84. On August 4, 2021, Plaintiff was issued a Letter of Instruction regarding leave management and attendance.

85. On August 19, 2021, management placed her on a Demonstration Opportunity period.

86. On September 13, 2021, Plaintiff was forced to retire.

87. Plaintiff was regularly and continually subjected to harassing conduct that included being subjected to improper discipline, accused of poor performance, delay of leave

requests, and unfair assignment of work which created a hostile and abusive work environment resulting in constructive discharge.

88. Plaintiff believes that she was subjected to a hostile work environment based on her Race (Black), National Origin (Colombian) and Age (1958).

89. Defendant's unlawful conduct was unwelcome.

90. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

91. Plaintiff was subjected to harassment because of her protected status, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

92. Defendant knew or should have known of the harassment. Defendant failed to take effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated.

93. By failing to take appropriate and effective remedial action against Plaintiff's supervisor, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

94. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages - including but not limited to past income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

95. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

96. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity, and

all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT FIVE**
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq*.**
**(Employment Discrimination on the Basis of Reprisal)**

97. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

98. Plaintiff engaged in protected EEO activity, and, as such, is a member of a protected class.

99. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate and retaliatory treatment, in comparison to employees with no prior EEO activity, that Defendant employed.

100. Defendant has subjected Plaintiff to adverse employment actions, including being issued Letters of Instruction, placed on a Demonstration Opportunity Period, being constructively discharged, and otherwise deprived Plaintiff of her rights as enjoyed by her co-workers with no prior EEO activity.

101. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of benefits, promotional opportunities and other disadvantages in the workplace.

102. The reason(s) proffered for Defendant's unlawful conduct are not legitimate and would be pretext for its discriminatory conduct.

103. Defendant knew at all times during the events described throughout this Complaint that Plaintiff had engaged in prior EEO activity.

104. Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to reprisal (Prior EEO Activity).

105. Defendant has limited Plaintiff in a way that deprives her of employment opportunities, workplace benefits and otherwise adversely affects her status as an employee because of her prior EEO activity.

106. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

107. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her prior EEO activity.

108. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered from harm, injury, and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

109. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

110. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

a. Reinstate Plaintiff to the Technical Information Specialist position, retroactive to September 13, 2021, with applicable back-pay, benefits, and interest;

b. Pay Plaintiff past pecuniary compensatory damages in their proven amount;

    c.    Pay Plaintiff future pecuniary and nonpecuniary compensatory damages in a proven amount not to exceed $300,000;

    d.    Pay Plaintiff's reasonable attorneys' fees; and

    e.    Award such other and further relief as this Honorable Court deems just and proper.

## **EQUITABLE RELIEF**

111.    Plaintiff hereby incorporates by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

112.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present a clear and present danger to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants and employees.

    **WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

    a.    Order Defendant to institute a policy and procedure to be implemented against discrimination;

    b.    Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    c.    Supervisory training for the supervisors at issue herein; and

    d.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*A Marques Pitre, Esq.*

_____
A. MARQUES PITRE
(D.C. Bar No. 503119)
Pitre & Associates, LLC
Ronald Reagan Building and International Trade Center
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
Phone: 202-204-3006
Direct: 202-840-6797
Email: ampitre@ampitreassociates.com

*Counsel for Plaintiff*